

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2005

# Susiani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Susiani v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1353

SUSI SUSIANI,

Petitioner

v.

JOHN ASHCROFT, Attorney General of the
United States,

Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
(No. A95-163-474)

Submitted Under Third Circuit LAR 34.1(a): January 14, 2005

Before: ROTH and CHERTOFF *, *Circuit Judges*, and IRENAS,** *Senior District Judge*.

(Filed      February 2, 2005      )

OPINION

ROTH, *Circuit Judge*.

---

    \* This case was originally submitted to the three judge panel of Roth, Chertoff and Irenas. Judge Chertoff subsequently recused. Because the remaining two judges agreed on the opinion and disposition of the case, it was unnecessary to assign a third judge. Linde v. Phelps, 731 F.2d 1201 (5th Cir. 1984); Murray v. Nat'l Broadcasting Co., 35 F.3d 45 (2nd Cir. 1994).

    \*\*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

1

Susi Susiani petitions for review of a decision entered by the Board of Immigration Appeals (BIA) denying her application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). She argues that the Immigration Judge (IJ) in her case denied her due process by, among other things, failing to put forward a reasoned explanation for his decision. She also argues that the IJ's decision on the merits of her claim was not supported by substantial evidence. Because we find that the IJ did not violate Susiani's due process rights and that his decision was supported by substantial evidence, we will deny the petition.

I.

Susiani arrived in the United States from Indonesia in May of 1998 with a six-month visa. After she remained in this country three years longer than permitted, the Immigration and Naturalization Service initiated deportation proceedings. At that point, Susiani applied for asylum, withholding of removal, relief under CAT, and voluntary removal. A hearing was held before an IJ on October 28, 2002 at which Susiani testified. Following her testimony, the IJ denied her asylum claim, finding that she had failed to file her application within one year of her arrival in the United States, as required by 8 U.S.C. § 1158(a)(2)(B). He also denied her claims for withholding of removal and relief under CAT on the grounds that she had not established that it was more likely than not that she would face persecution or torture if returned to Indonesia.

Susiani then appealed to the BIA, which dismissed her appeal in a written opinion

dated October 22, 2003. The BIA agreed with the IJ that Susiani had failed to file her asylum application within one year of arriving in the United States. It also agreed that she had failed to meet her burden of proof on her withholding and CAT claims. Following the dismissal by the BIA, Susiani filed a timely petition for review with this Court.

## II.

Susiani first argues that the IJ violated her due process rights by failing to provide a reasoned basis for his opinion. In an administrative proceeding, an agency must put forward "a sufficiently reasoned opinion" to enable a court to engage in meaningful judicial review. Dia v. Ashcroft, 353 F.3d 228, 243 (3d Cir. 2003). In the immigration context, the decision of the BIA, the IJ, or both, may provide such a "sufficiently reasoned opinion."

In this case, we find that the decision of the IJ is sufficiently reasoned to enable us to engage in meaningful review. Susiani argues that the IJ violated her due process rights because he failed to reference "what [she] actually said" in her testimony. (Pet'r Br. at 9) (emphasis in original). In fact, the IJ reviewed Susiani's testimony in some detail in his oral decision. Furthermore, he explained why he found that the specific events testified to by Susiani did not constitute "persecution" such that she would be eligible for withholding of removal. Based on our own review of the IJ's opinion, we find that it set forth in sufficient detail the grounds for his decision. Therefore, we reject Susiani's first claim.

3

Susiani next argues that the IJ failed to consider certain pieces of evidence she submitted. In conjunction with her asylum application, Susiani provided the IJ with background materials on Indonesia. Susiani alleges that the IJ ignored this evidence as well as her testimonial evidence in reaching his decision. As already noted, the IJ did, in fact, refer to Susiani's testimony in rendering his decision. While he did not reference her documentary evidence in his oral opinion, nothing requires an IJ to refer to every piece of evidence that is before him. The evidence submitted by Susiani described, in general terms, ongoing violence in Indonesia between Muslims and Christians and Indonesians and ethnic Chinese. While the information she submitted was potentially relevant to her application, nothing in it compelled or even supported the conclusion that Susiani herself had faced persecution in the past and thus could demonstrate that she was more likely than not to face persecution in the future. Thus, it was not error for the IJ to fail to cite her documentary evidence in his decision.

Susiani also argues that the IJ erred in considering evidence that was not made part of the record. Specifically, she claims that the IJ relied on the State Department's country report for Indonesia, even though that report was never included in the record. In rendering his decision, the IJ stated: "The Court has not been provided with a copy of the State Department Report with regard to Indonesia. However, the Court states for the record that I am totally familiar with the contents of that Report." (App. 9) (emphasis in original). The BIA has held that if an IJ "relies on the country conditions in adjudicating

4

the alien's case, the source of the Immigration Judge's knowledge of the particular country must be made part of the record." In re S-M-J-, 21 I. & N. Dec. 722, 727 (BIA 1997). However, nothing in the IJ's oral decision in this case suggests that he relied on the country report in any meaningful way. Rather, after stating that he was familiar with its contents, the IJ mentioned the report only once more, in passing, and did not refer to it in articulating the grounds on which he denied Susiani's claims. Therefore, the evidence shows that the IJ did not impermissibly rely on evidence not part of the record.

III.

Susiani also argues that the IJ erred in determining that she was ineligible for withholding of removal. An applicant seeking withholding of removal must demonstrate that it is "more likely than not" that she will face persecution if deported. See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). The IJ, while finding Susiani to be a credible witness, concluded that she had not met this threshold. We will not upset an IJ's factual determination unless we determine that it is not supported by "substantial evidence." E.g., Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

In her testimony before the IJ, Susiani detailed several incidents which, she argues, show that she had faced persecution at the hands of Muslims and ethnic Indonesians due to her status as a Christian of Chinese descent. First, she testified that, while in junior high school in the 1980s, she was assaulted by a Muslim after buying a drink on the side of the road during Ramadan, the Muslim fasting holiday. Second, she

5

testified that, in 1992, a group of ethnic Indonesians looted a store belonging to her and her mother. While the store was being looted, Susiani and her mother hid at the police station for three days. Finally, she testified that, in May 1998, a series of riots erupted across the country involving fighting between Indonesians and ethnic Chinese. Although Susiani herself was not harmed during the riots, she was sufficiently scared for her safety that she decided to flee to the United States.

After hearing her testimony, the IJ concluded that she had not shown that she had faced persecution while in Indonesia. Persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). In particular, persecution only embraces actions that are "committed by the government or forces the government is either 'unable or unwilling' to control." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003) (citations omitted). In this case, we find that substantial evidence supports the conclusion that Susiani had not faced persecution in Indonesia. Indeed, we observe that in 1992, petitioner actually fled to the police for safekeeping. The isolated incidents Susiani testified to, while disturbing, simply do not rise to the level required to establish eligibility for withholding of removal. Therefore, we will deny the petition for review.